**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**HAULERS INSURANCE COMPANY,**

  **Plaintiff,**

**v.**

**JACK PARKER, et al.,**

  **Defendants.**

**CIVIL ACTION FILE NO.**

 **1:21-CV-01640-SCJ**

## ORDER

This matter appears before the Court on the Motion for Summary Judgment (Doc. No. [42]) [1] filed by Plaintiff, Haulers Insurance Company ("Haulers") against Jack Parker, Cherie Parker, and Executive Auto Sales and Service, LLC ("Parker Defendants.").[2]

_____

[1]  All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2]  While Dingy Dents, LLC and Wilbert Rivera remain defendants in this civil action, Plaintiff states that "[f]or judicial economy, this Motion for Summary Judgment is directed only to the Parker Defendants' [alleged] breach of the two conditions precedent regarding notice" in the insurance policy. Doc. No. [42], 3.

## I.    BACKGROUND

For purposes of this Order, the Court derives the facts from the Parties' submissions (Doc. Nos. [42-13]; [43-3]; [46]) and the record. Pursuant to Local Rule 56.1(B), when a fact is undisputed, the Court includes the fact. For disputed facts, the Court reviews the record to determine if a material dispute exists. Where the other party's response reflects the record cited more accurately, the Court modifies the proposed fact and cites the record. The Court also rules on objections to proposed facts and excludes immaterial facts, those stated as an issue or legal conclusion, those not supported by a citation to evidence, or those that the record citation fails to support. And, where appropriate, the Court includes facts drawn from its review of the record. The following facts are undisputed unless otherwise stated.

Plaintiff Haulers issued an Auto Dealer's Policy to Executive Auto Sales, LLC ("Executive Auto Sales"), with Policy Number AD2017GA0025, effective between 5/20/2020 – 5/2/2021 ("the Policy"). Executive Auto Sales' sole member is Defendant Jack Parker.

Sasser Insurance Agency, Inc. is listed as the producing agent on the Haulers policy. Doc. No. [42-2], 7, 30.[3]

The Policy, under Section IV - CONDITIONS, provides in relevant part as follows:

**2.    Duties in the Event of Accident, Claim, Offense, Suit, Loss or Acts, Errors or Omissions**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit", offense, "loss" or "act, error or omission", we or our authorized representative must receive prompt notice of the "accident", offense, "loss" or "act, error or omission".

\* \* \*

The requirement for giving notice of a claim if not satisfied by the "insured" within 30 days of the date of "accident," may be satisfied by an injured third party who, as the result of an "accident," has a claim against the "insured". However, in this event, notice of a claim given by an injured third party must be mailed to us.

**b.** Additionally, you and any other involved "insured" must:

\* \* \*

---

[3] Georgia courts have looked to <u>Black's Law Dictionary</u> to define the term "producer" as "an insurance agent or insurance broker." <u>Villa Sonoma at Perimeter Summit Condo. Ass'n, Inc. v. Com. Indus. Bldg. Owners All., Inc.</u>, 349 Ga. App. 666, 667, 824 S.E.2d 738, 741 (2019) (citing Black's Law Dictionary (10th ed. 2014)).

3

> > (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

> > * * *

> 3.    **Legal Action Against Us**

> > No one may bring a legal action against us under this Coverage Form until:

> a.    There has been full compliance with all the terms of this Coverage Form, and

> b.    Under any liability coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's liability.

Doc. No. [42-2], 50, 77–78.[4]

The Policy contains the following language regarding reporting a claim:

"To REPORT a Claim Anytime 1–866–665–1003." Doc. No. [42-2], 31.

On August 1, 2020, Defendants Wilburt Rivera and Dingy Dents, LLC

("Rivera Plaintiffs") filed a forty-four page (not counting numerous lengthy

exhibits), sixteen count, Verified Complaint, Petition and Interlocutory and

---

[4]  Page 50 is from the "Georgia Changes – Auto Dealers Coverage Form" endorsement, which modifies language on page 77.

4

Permanent Injunction, and Declaratory Judgment ("Verified Complaint") [5] against Mr. Parker, Executive Auto Sales, and Mrs. Parker ("Parker Defendants") in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:20-cv-03210-SCJ, ("Underlying Lawsuit"). [6]

On August 5, 2020, the Parker Defendants were personally served with the Summons and Verified Complaint in the Underlying Lawsuit.

On August 12 and 14, 2020, the Parker Defendants' three attorneys each filed their Notice of Appearance in the Underlying Lawsuit.

On August 21, 2020, the Parker Defendants filed their thirty-three-page Opposition to Plaintiff's Amended Motion for Preliminary Injunction, with five exhibits, in the Underlying Lawsuit.

---

[5] On August 14, 2020, the Rivera Plaintiffs filed an Amended Verified Complaint, Petition and Interlocutory and Permanent Injunction, and Declaratory Judgment ("Amended Verified Complaint") against the Parker Defendants.

[6] Pursuant to Plaintiff's request, the Court has also taken judicial notice of the filings in the Underlying Lawsuit referenced in its Statement of Materials Facts as to Which There Is No Genuine Issue to Be Tried, under Federal Rule of Evidence 201(b). Doc. No. [42], 4. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in [the] first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'").

On August 26, 2020, the Court held a Zoom Hearing on Plaintiff Rivera's Motion for Preliminary Injunction in the Underlying Lawsuit.

On August 28, 2020, the Parker Defendants filed an eighty-page Answer, Affirmative Defenses, and Counterclaims of Defendants Jack Parker, Executive Auto Sale and Service LLC, and Cherie Parker to Amended Complaint of Wilburt Rivera and Dingy Dents, LLC, which included a fourteen-count Counterclaim alleging that Mr. Parker recognized a dispute was developing with respect to Dingy Dents, LLC at some point after July 14, 2020.

On September 3, 2020, the Parker Defendants filed their Certificate of Interested Persons, which failed to list Haulers or any other insurance company as having either a financial or other interest that could be substantially affected by the outcome of the Underlying Lawsuit.

On October 5, 2020, the parties filed an Amended Joint Preliminary Report and Discovery Plan.

On October 23, 2020, the Parker Defendants served their Defendants' Initial Disclosures in the Underlying Lawsuit and reported that they were not aware of any insurance that might be liable to satisfy part of a judgment which might be entered in the case.

6

The parties dispute when the claim at issue was first reported to Haulers. Plaintiff Haulers asserts that it first received notice that a claim had been made against Executive Auto Sales on November 3, 2020. Doc. No. [42-13], ¶ 21.[7] The Parker Defendants deny this assertion and state that "[w]ithin a few days of July 20, 2020, Jack Parker called Sasser Insurance Agency and said he wanted to make a claim on the Haulers policy as soon as possible." Doc. Nos. [43-3], ¶ 6; [49], ¶ 2.

On November 11, 2020, Plaintiff Haulers received a partial copy of the Underlying Litigation's Complaint when the Parker Defendants faxed eleven pages from the Complaint and Summons filed in the Underlying Lawsuit. Doc. Nos. [42-7], ¶ 7; [43-3], ¶ 24.

On November 29, 2020, Plaintiff Haulers received a complete copy of the Complaint filed in the Underlying Lawsuit.[8]

---

[7]  Hannah Parr, with the Sasser Insurance Agency, states in her declaration that the first time that Defendant Jack Parker mentioned the <u>Rivera</u> lawsuit was in a telephone conversation on October 30, 2020 and she reported the lawsuit to Defendant Haulers on November 2, 2022. Doc. No. [42-11], ¶ 11. The Parker Defendants deny this assertion of fact. Doc. No. [43-3].

[8]  Plaintiff Haulers states that the November 29, 2020 date was the first time that it received a complete copy of the lawsuit. The Parker Defendants state, however, that they do not know when Haulers first received a complete copy of the lawsuit filing. Doc.

In their Consolidated and Verified Responses to Plaintiff's Second Interrogatories, the Parker Defendants "do not know the exact date on which they first sent the lawsuit to Plaintiff or to Sasser Insurance Agency." Doc. No. [42-10], 26. They also stated that they "do not believe they have any documents that would show when they first forwarded a copy of the lawsuit." Id.[9]

On April 21, 2021, Plaintiff Haulers filed a Complaint for Declaratory Judgment against Defendants Jack Parker, Executive Auto Sales and Service, LLC, Cherie Parker, Dingy Dents, LLC, and Wilburt Rivera. Doc. No. [1].

On August 30, 2021, the Parker Defendants filed a Restated Answer and Amended Counterclaim in which they assert declaratory judgment, breach of contract, and attorney's fees claims. Doc. No. [23]. The Parker Defendants are requesting a judgment declaring that Plaintiff Haulers is obligated to tender a defense and provide coverage in the Underlying Litigation. Id. at 32.

On May 12, 2022, Plaintiff Haulers filed its Motion for Summary Judgment. Said Motion "is directed only to the [alleged] failure of the Parker Defendants to

---

No. [43-3], 9 ¶ 25.

[9]   Said interrogatory response are considered pursuant to Federal Rule of Civil Procedure 56(c).

comply with the two condition precedents regarding proper notice." Doc. No.

[42-1], 3.[10] The Parker Defendants filed a response brief on June 2, 2022, which

included declarations from Defendants Jack and Cherie Parker. Doc. No. [43].

Defendants later moved to substitute Defendant Jack Parker's declaration (Doc.

No. [44]), which the Court permitted and indicated in an order that Plaintiff's

objections to the declaration would be addressed in the context of the pending

Motion for Summary Judgment. Doc. Nos. [48]; [49].[11] Plaintiff filed a reply brief

on June 16, 2022. Doc. No. [45]. Post-briefing, the Parker Defendants filed a

clarification of their summary judgment position to withdraw factual assertions

regarding the alleged absence of the definitions of "we" or "us" in the Policy at

issue. Doc. No. [47].[12]

---

[10]  Plaintiff states that the coverage issues are reserved and not the subject of the pending motion. Doc. No. [42-1], 4.

[11]  Plaintiff's hearsay and lack of personal knowledge objections concern certain hearsay statements that Mr. Jack Parker states that he was told by April Sasser of Sasser Insurance Agency. Doc. No. [45], 11–12. The Court will rule on said objections in the analysis section of this Order, infra.

[12]  More specifically, Defendants presented a "Clarification of Summary Judgment Position," in which Counsel confessed error and acknowledged that he was wrong to assert that the policy does not define "we" or "us" and withdrew those factual assertions from pages four and five of Defendants' brief. Doc. No. [47], 1. Counsel did not withdraw arguments, though. Id.

The Motion for Summary Judgment has been fully briefed and is now ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden can be discharged either by showing an absence of evidence to support an essential element of the nonmoving party's case or by showing that the nonmoving party will be unable to prove their case at trial.

10

Celotex, 477 U.S. at 325; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). In determining whether the moving party has met this burden, the Court must consider the facts in the light most favorable to the nonmoving party. See Robinson v. Arrugueta, 415 F.3d 1252, 1257 (11th Cir. 2005).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Id. All reasonable doubts, however, are resolved in the favor of the nonmoving party. Fitzpatrick, 2 F.3d at 1115. In addition, the Court must "avoid weighing conflicting evidence or making credibility determinations." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000).[13]

---

[13] "Federal courts sitting in diversity apply the substantive law of the state in which the case arose." Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132 (11th Cir. 2010). Here, there appears to be no dispute that Georgia substantive law applies. See Se. Exp. Sys., Inc. v. S. Guar. Ins. Co. of Ga., 224 Ga. App. 697, 702, 482 S.E.2d 433, 437 (1997) (applying Georgia law to an insurance contract entered in Georgia and to be performed by a Georgia business and stating "lex loci contractus is still the rule in Georgia.").

## III.   ANALYSIS

The Court now considers the propriety of summary judgment as to the issues presented as framed by Plaintiff and Defendants in their briefing: Did the Parker Defendants breach conditions precedent to coverage in their policy requiring them to "immediately" provide Plaintiff Haulers with copies of any legal papers, or to "promptly" give Haulers notice of a claim or suit? Doc. No. [42-1], 1. As stated by Defendants in their briefing, "[a]t issue is whether notice to the insurance agency is notice to the insurance company." Doc. No. [43], 1.

### A.   <u>Notice</u>

As to the notice issue, Plaintiff Haulers asserts that the undisputed facts show that it did not receive notice of the Rivera Plaintiffs' claims or their lawsuit against the Parker Defendants before November 2, 2020, ninety days after the Parker Defendants were served on August 5, 2020. Doc. No. [42-1], 9. Plaintiff

---

Accordingly, this Court "interpret[s] the policy under Georgia law and 'begin, as with any contract, with the text of the contract itself.'" <u>Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.</u>, 35 F.4th 1318, 1320 (11th Cir. 2022) (citing <u>Reed v. Auto-Owners Ins. Co.</u>, 284 Ga. 286, 287, 667 S.E.2d 90 (2008)). In addition, "the rule is that, absent a decision from the state supreme court on an issue of state law, [the federal court is] bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." <u>McMahan v. Toto</u>, 311 F.3d 1077, 1080 (11th Cir. 2002).

also asserts that "the Parker Defendants failed to provide Haulers with "prompt" notice of the underlying accident and claims in accordance with Policy Condition IV 2.a., which also an essential element of their claim" for coverage. Id. at 12.

In response, the Parker Defendants argue that notice to the Sasser Insurance Agency satisfies the notice requirement in the Haulers policy because (1) it was reasonable and acceptable for Defendants to notify the producing agent (i.e., Sasser Insurance Agency) listed on the declarations page; and (2) there is an issue of fact as to whether Sasser Insurance Agency had authority to receive claim notices. Doc. No. [43], 4.[14] More specifically, the Parker Defendants argue apparent authority and in support of their argument, they rely on the case of Bowen Tree Surgeons, Inc. v. Canal Indemnity Co., 264 Ga. App. 520, 522-23, 591 S.E.2d 415, 417 (2003) in which the Georgia Court of Appeals held in a corporate insurance coverage dispute that summary judgment was improper as under the record presented, questions of fact remained regarding the insurer's and the

---

[14]  The Parker Defendants also argued that the policy does not define the term "us," in regard to the notice provision. However, the Parker Defendants subsequently withdrew this factual assertion. Doc. No. [47], 1; see also Doc. No. [42-2], 56 (defining the policy terms "we" and "us" as "the company providing this insurance."); Doc. No. [42-2], 7 (showing the "company" providing the insurance as Haulers Insurance Company Inc.).

independent insurance agency's relationship where the independent insurance agency customarily accepted premiums and notices of claims on the insurer's behalf.

In reply, Plaintiff Haulers asserts that there are no issues of fact regarding whether Sasser Insurance Agency was Hauler's agent for receiving claim notices. Doc. No. [45], 6. Plaintiff also distinguishes the <u>Bowen Tree Surgeons</u> case relied upon by the Parker Defendants on the ground that there is no evidence in the case *sub judice* that shows that the "Sasser Insurance customarily accepted notices of claims on the liability insurer's behalf or even had the authority to receive claim notices." <u>Id.</u> at 14. Plaintiff also states that the insurance policy's notice instructions are to the contrary of Sasser Insurance Agency accepting notice. <u>Id.</u>

As recently stated by the Eleventh Circuit Court of Appeals:

> "In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms." <u>Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.</u>, 250 Ga. App. 673, 551 S.E.2d 388, 390 (2001) (cleaned up). When an insurance policy requires as a coverage condition that the insured provide the insurer with notice of a probable claim and a lawsuit, "no action will lie against the insurer unless the insured has fully complied with the terms" of the notice provision. <u>See</u> <u>Progressive Mountain Ins. Co. v. Bishop</u>, 338 Ga. App. 115, 790 S.E.2d 91, 122 (2016). "[T]he issue of whether notice is timely and meets the

> policy provisions is usually a question of fact for the jury. Unexcused significant delay, however, may be unreasonable as a matter of law." <u>Advocate Networks, LLC v. Hartford Fire Ins. Co.</u>, 296 Ga. App. 338, 674 S.E.2d 617, 619 (2009) (cleaned up).

<u>Jenkins v. CLJ Healthcare, LLC</u>, No. 20-13745, 2021 WL 3661074, at *3 (11th Cir. Aug. 18, 2021); <u>see also</u> <u>Johnson & Bryan, Inc. v. Utica Mut. Ins. Co.</u>, 741 F. App'x 722, 725 (11th Cir. 2018).

The Court "interpret[s] the policy under Georgia law and 'begin[s], as with any contract, with the text of the contract itself.'" <u>Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.</u>, 35 F.4th 1318, 1320 (11th Cir. 2022) (citations omitted). "When the terms are unambiguous, [the Court] simply appl[ies] them 'as written.'" <u>Id.</u> (citations omitted).

Here, the unambiguous text of the insurance policy required that Plaintiff Haulers or its "authorized representative"[15] receive "prompt" notice of the loss, act, error or omission. Doc. No. [42-2].

---

[15] Plaintiff Haulers does not contend that the term "authorized representative" is defined in the policy or at least did not direct the Court to a definition; however, the Court notes that the policy contains a section labeled "Countersignature of Authorized Representative." Doc. No. [42-2], 7. This section of the Policy is blank and does not list or contain the signature of Sasser Insurance Agency.

15

Here, there is no dispute that the Parker Defendants did not provide direct notice to Plaintiff Haulers. The Parker Defendants state that they informed Sasser Insurance Agency in July 2020 and that constitutes notice to Plaintiff Haulers. Although Plaintiff Haulers disputes this, for purposes of this Motion, the Court must accept the facts in the light most favorable to the non-movants, here, the Parkers. As such, the Court must determine whether notice to Sasser Insurance Agency satisfied the policy's notice requirements under the doctrine of apparent authority/agency.

"Under Georgia law, '[i]ndependent insurance agents or brokers are generally considered the agent of the insured, not the insurer.'" Jenkins, 2021 WL 3661074, at *3 (citing European Bakers, Ltd. v. Holman, 177 Ga. App. 172, 338 S.E.2d 702, 704 (1985). "But an insurer can place an independent insurance agent 'in a position of apparent authority such that one might be justified in assuming that the agent had authority to receive notice of an occurrence or claim.'") Id. (citing Kay-Lex Co. v. Essex Ins. Co., 286 Ga. App. 484, 649 S.E.2d 602, 607 (2007)); see also Mt. Hawley Ins. Co. v. E. Perimeter Pointe Apartments, 861 F. App'x 270, 277–78 (11th Cir. 2021) ("However, if an insured can show that its failure to comply with a notice requirement was justified, Georgia law will obligate

insurance companies to provide a defense or coverage.") (citing <u>Forshee v. Emps. Mut. Cas. Co.</u>, 309 Ga. App. 621, 711 S.E.2d 28, 31 (2011)).

"In order to impose liability pursuant to the doctrine of apparent or ostensible agency, the evidence must show: (1) the apparent principal represented or held out the apparent agent; and (2) justifiable reliance upon the representation led to the injury." <u>Am. Reliable Ins. Co. v. Lancaster</u>, 356 Ga. App. 854, 858, 849 S.E.2d 697, 700–01 (2020) (citations omitted).

As the party alleging an apparent agency relationship between Plaintiff Haulers and Sasser Insurance Agency, the Parker Defendants carry the burden to create an issue of fact as to whether apparent agency existed. <u>See</u> <u>Auto-Owners Ins. Co. v. Xytex Tissue Servs., LLC</u>, 421 F. Supp. 3d 1369, 1375 (S.D. Ga. 2019) (citing <u>Carter v. Kim</u>, 157 Ga. App. 418, 277 S.E.2d 776, 776 (1981)). "[I]n order for the doctrine of apparent agency to apply, the claimant must also show justifiable reliance on the representation of agency." <u>Kay-Lex Co.</u>, 286 Ga. App. at 490, 649 S.E.2d at 607.

Under the first factor, the Court notes that the evidence shows that the written policy language did not hold Sasser Insurance Agency out as the apparent agent for notice. "[N]either the language of the policy nor anything

stamped upon the face of the policy gave apparent authority to" Sasser Insurance

Agency to receive the notice required to be given to Haulers. <u>Jenkins</u>, 2021 WL

3661074, at *3. The policy lists Sasser Insurance Agency, Inc. in the column for

"Producer." Doc. No. [42-2], 7.[16] In addition, while the Policy allows notice to

Hauler's "authorized representative," further review of the Policy shows that it

contains a section labeled "Countersignature of Authorized Representative."

Doc. No. [42-2], 7. This section of the Policy is blank and does not list or contain

the signature of Sasser Insurance Agency. The Policy also contains the following

language regarding reporting a claim: "To REPORT a Claim Anytime 1–866–665–

1003." Doc. No. [42-2], 31. To this regard, there is no evidence that through its

Policy, Haulers made a written representation that Sasser Insurance Agency was

its agent for notice.

"[I]n this case there is no . . . apparent authority because 'neither the

language of the policy nor anything stamped upon the face of the policy gave

apparent authority to the independent insurance agent to receive the notice

---

[16]   The Court notes that later in the Policy, on the front of the Automobile Insurance
Identification Card, Sasser Insurance Agency is listed as "Agent." Doc. No. [42-2], 30.
However, Sasser is not listed as "authorized representative." And the back of the
insurance card (Doc. No. [42-2], 31) contains the following language: "To REPORT a
Claim Anytime 1–866–665–1003."

required to be given to the insurer.'" <u>Kay-Lex Co.</u>, 286 Ga. App. at 489, 649 S.E.2d at 607.

Next, the Court considers the assertions of fact concerning whether Haulers held out Sasser Insurance Agency as its agent. Here, the Court considers the holding of the <u>Bowen Tree Surgeons</u> case, cited by the Parker Defendants. The key holding from the <u>Bowen Tree Surgeons</u> case is as follows:

> [A] fiduciary relationship may arise between an otherwise independent insurance agency and an insurer when the insurance agency customarily accepts premiums and claims on the insurer's behalf, supports a conclusion that, by allowing this custom and initiating reliance on the insurance agency, the insurer, in turn, vests the insurance agency with certain authority on its behalf. In essence, the duty imposed upon the insurance agency to forward notice of suits could not exist unless the insurance agency, through the custom, had also received at least some limited authority to receive such notice.

<u>Bowen Tree Surgeons</u>, 264 Ga. App. at 522, 591 S.E.2d at 417.

In opposition to summary judgment, the Parker Defendants attempt to show a genuine dispute for trial by offering evidence from Mr. and Mrs. Parker that (1) Defendant Executive Auto wrote checks payable to Sasser Insurance Agency to pay the premiums on its Haulers' Policy (Doc. No. [43-2], Cherie Parker Decl. ¶ 2.); (2) Sasser Insurance Agency sent notices to renew the Haulers

Policy (Id. ¶ 3.); and (3) April Sasser fields claim notices from her customers and tells them to contact her when they have a loss. (Doc. Nos. [43-1]; [49], Jack Parker Decl. ¶ 4.).

Plaintiff Haulers objects to the first two items of evidence as "not material." Doc. No. [46], 2. An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). As these facts are material to the apparent agency claim, the Court **OVERRULES** Plaintiff's objection to the first two items of evidence.[17] Plaintiff raises a lack of personal

---

[17]   While the Court overrules Plaintiff's objection as to these two items of evidence, it is important to note that contrary to the Parker Defendant's arguments, the Court does not agree that any one fact as to claim notices and collection of premiums is not determinative or that justifiable reliance is not the touchstone. Doc. No. [43], 9. To the contrary, the Court reads Byrne and Bowen as there should be a showing of *both* claim notices and collection of premiums by the apparent agent. And justifiable reliance is the touchstone as seen in subsequent jurisprudence. See Kay-Lex Co. v. Essex Ins. Co., 286 Ga. App. 484, 490, 649 S.E.2d 602, 607 (2007) ("[I]n order for the doctrine of apparent agency to apply, the claimant must also show justifiable reliance on the representation of agency."); see also Am. Reliable Ins. Co., 356 Ga. App. at 858. As properly noted by one court, "[t]he key in Bowen Tree Surgeons is that the [c]ourt found the insurance agency 'customarily' accepted premiums and notices of claims 'on behalf of the insurer.' Courts find cases distinguishable from Bowen Tree Surgeons in two situations. The first situation arises when the insurance agency does not customarily accept the premium payments or notices. The second situation occurs when the insurance agency does not collect premiums or notices on behalf of the insurance company, but as the agent of the insured." Auto-Owners Ins. Co., 421 F. Supp. 3d at 1377 (citations omitted).

20

knowledge objection to third item of evidence (Doc. No. [46], 4), which the Court **SUSTAINS** as Mr. Parker does not lay a foundation showing how he has personal knowledge of what April Sasser or the Sasser Insurance Agency does with claim notices from their customers or what customers are told once they have a loss.[18] See Longleaf In Vinings Homeowners Ass'n, Inc. v. QBE Ins. Corp., 646 F. App'x 823, 825–26 (11th Cir. 2016) (holding that an affidavit that did not provide any basis for affiant's knowledge of the events discussed in the affidavit could not "establish a triable issue because it was not based on personal knowledge"); see also Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

---

[18]  Plaintiff also raises a hearsay objection, which the Court is unable to sustain as it is possible that said statements could be reduced to an admissible form at trial through the testimony of April Sasser. See Macuba v. Deboer, 199 F.3d 1316, 1322–23 (11th Cir. 1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.' . . . . Some courts, including our own, appear to have restated the general rule to hold that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'") (citations omitted).

Without this third item of evidence, there is no evidence of a "custom" of Sasser Insurance Agency accepting claims on behalf of Plaintiff Haulers and this case is therefore outside of the rationale of <u>Bowen Tree Surgeons</u>, 264 Ga. App. at 522, 591 S.E.2d at 417.[19]

In sum, the Parker Defendants have not established that there is a genuine dispute of material fact as to apparent agency or justification for providing notice to Sasser Insurance Company and not to Hauler's directly. As stated by the Eleventh Circuit, "[t]he law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract." <u>Jenkins</u>, 2021 WL 3661074, at *5.

Returning to the terms of the contract/insurance policy, as stated above, the Parker Defendants were required to provide prompt notice of the loss, act, error, or omission. Doc. No. [42-2], 50. "Georgia precedent shows that 'prompt' has the same meaning as terms like 'as soon as practicable' and 'immediate.'" <u>State Farm Fire & Cas. Co. v. LeBlanc</u>, 494 F. App'x 17, 22 (11th Cir. 2012)

---

[19] The Court will also not infer custom from the fact that April Sasser prepared the notice to Haulers for the Parker Defendants in the case *sub judice* as evidence of a single incident is not a custom. <u>Cf.</u> <u>Craig v. Floyd Cnty.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011) ("A single incident would not be so pervasive as to be a custom . . . .").

(citations omitted). Here, Plaintiff Haulers has presented evidence that it received notice for the first time that a claim had been made against Executive Auto Sales on November 3, 2020. The evidence also shows that the Parker Defendants were served with the claim/lawsuit on August 5, 2020—a difference of approximately three months and a difference of a little over three months if the Court calculates using the date the lawsuit was filed (August 1, 2020) as opposed to the date the lawsuit was served (August 5, 2020).

"Georgia courts have held that a delay of as little as three months between the filing of a lawsuit and notice to the insurer is unreasonable as a matter of law." LeBlanc, 494 F. App'x at 23 (citing Diggs v. S. Ins. Co., 172 Ga. App. 37, 321 S.E.2d 792, 793 (1984)).[20]

Therefore, the Parker Defendants' three-month delay is unreasonable under Georgia law, and violated the Policy's prompt notice requirement, absent a valid excuse, which as stated above, the excuse provided of notice to an apparent agent is not valid under the facts presented. "[I]gnorance of the terms

---

[20]  In a recent unpublished opinion, the Eleventh Circuit Court of Appeals held that a 72-day delay did not meet an insurance policy's immediate notice requirement. See Johnson & Bryan, Inc. v. Utica Mut. Ins. Co., 741 F. App'x 722, 725 (11th Cir. 2018) ("Given the 72-day delay in providing notice to [d]efendant, [p]laintiff failed to allege facts sufficient to show compliance with the [p]olicy's immediate notice requirement.").

23

of a valid insurance contract" also does not justify late notice. <u>Jenkins</u>, 2021 WL 3661074, at *5.

### B.   <u>Legal Papers</u>

Next, the Court considers the issue of receipt of the legal papers and the evidence concerning whether the Parker Defendants complied with Policy Condition IV.2.b.(2) requiring that they (as the insured) "immediately" send Hauler's "copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'"

Plaintiff Haulers asserts that the Parker Defendants have breached Condition IV.2.b.(2) of the Policy and have not provided justification for failing to immediately forward a copy of the suit papers when they were served on August 5, 2020. Doc. No. [42-1], 12.

In response, the Parker Defendants assert that Haulers is estopped to complain about the late delivery of the Complaint based on Haulers receiving actual notice of the lawsuit (which they assert happened in August 2020), through the Sasser Insurance Agency and no one asking for a copy of the <u>Rivera</u> lawsuit or rejecting the tender. Doc. No. [43], 10. The Parker Defendants also assert that

Defendant Jack Parker was told he had two years to file a claim. <u>Id.</u> at 11.[21] The Parker Defendants assert that "[a]n insurance company (or its agent) cannot lull a policyholder into inaction and then claim the policyholder failed to properly tender the claim." <u>Id.</u>

In reply, Plaintiff Haulers asserts that "[Policy] Condition IV.2.b.(2) states that the insured must send a copy of the summons and legal papers to Haulers." Doc. No. [45], 8. Plaintiff notes that the Policy Condition "does not say that the insured may, in lieu of sending these documents to the insurer, send the complaint to its independent agent, Haulers' representative, or Haulers' agent."

_____

[21] Plaintiff objects to this statement on hearsay grounds. <u>See</u> Fed. R. Evid. 801(c)(2) (defining hearsay as "a statement" that . . . a party offers in evidence to prove the truth of the matter asserted in the statement."). After review, the objection is **OVERRULED** as the statement could be reduced to an admissible form at trial. <u>See</u> <u>Macuba</u>, 199 F.3d at 1322–23 ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.' . . . . Some courts, including our own, appear to have restated the general rule to hold that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form.'") (citations omitted). "More recently, [the Eleventh Circuit] has concluded that a district court did not err in considering a hearsay statement at the summary judgment stage where the hearsay declarant could testify to the relevant facts at trial and had not otherwise offered contradictory statements. <u>Coffman v. Battle</u>, 786 F. App'x 926, 934 (11th Cir. 2019) (citing <u>Smith v. LePage</u>, 834 F.3d 1285, 1296 n.6 (11th Cir. 2016) (citing <u>Jones v. UPS Ground Freight</u>, 683 F.3d 1283, 1293–94 (11th Cir. 2012)); <u>see also</u> <u>Stevenson v. City of Sunrise</u>, No. 20-12530, 2021 WL 4806722, at *9 (11th Cir. Oct. 15, 2021); <u>Lewis v. Residential Mortg. Sols.</u>, 800 F. App'x 830, 834 (11th Cir. 2020).

<u>Id.</u> Plaintiff argues that "[t]here is no evidence that any of the Parker Defendants complied with this condition precedent." <u>Id.</u> Plaintiff argues that the Parker Defendants "have offered no evidence that Sasser Insurance was Haulers' agent for receiving copies of lawsuits" and the undisputed evidence shows that "the Parker Defendants never sent a copy of the underlying lawsuit to Sasser Insurance. <u>Id.</u> at 11.

"Policy provisions requiring that insureds send their insurers any legal papers received in connection with a claim or suit '[i]mmediately' [have] been construed in many cases to mean with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case." <u>Advoc. Networks, LLC v. Hartford Fire Ins. Co.</u>, 296 Ga. App. 338, 340, 674 S.E.2d 617, 619 (2009). "Thus, in determining whether the insured is in compliance with such a policy provision, as here, this Court looks to the reasons provided by the insured for any delay attending the receipt of legal papers as to the claim or suit and their subsequent dispatch to the insurer." <u>Id.</u>

Here, Plaintiff Haulers has presented evidence that shows that it did not receive any legal papers connected to the suit or the claim until November 11, 2020 and did not receive a complete copy of the complaint filed in

26

the Underlying Lawsuit from the Parker Defendants until November 29, 2020, almost four months after it was filed. Doc. Nos. [42-7], ¶ 10; [42-13], ¶ 25.[22]

The reasons provided for the delay by the insured, the Parker Defendants are that Haulers received actual notice of the lawsuit through the Sasser Insurance Agency and Defendant Jack Parker was told he had two years to file a claim. Doc. No. [43], 10, 11. For the reasons stated above, the Parker Defendants did not meet their burden of creating an issue of material fact as to an apparent agency. Accordingly, the Parker Defendants' arguments relating to Sasser Insurance Agency fail.

Next, the Parker Defendants argue that no one asked for a copy of the lawsuit and "[a]n insurance company (or its agent) cannot lull a policyholder into inaction and then claim the policyholder failed to properly tender the claim." Doc. No. [43], 10–11.

_____

[22] The Court recognizes that the Parker Defendants stated that they made a reasonable investigation and do not know when they provided Haulers with a copy of the complaint. Doc. Nos. [42-10], 16 ¶ 2; [43-3], 9 ¶ 25. This lack of knowledge statement does not meet the Parker Defendants' burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Cf. LR 56.1(B)(2)(a)(4).

27

This argument also fails as the Georgia Court of Appeals has held that "[t]here is no duty on the insurer to . . . call upon [the insured] to furnish proofs of loss as required by the policy." Gov't Emps. Ins. Co. v. Gates, 134 Ga. App. 795, 797, 216 S.E.2d 619, 621 (1975) (citations omitted).

As a named insured, the Parker Defendants are "'deemed to know the contents of the policy.' Accordingly, as a matter of law, it is no defense for" the Parker Defendants to contend that they were unaware of their obligations under the Policy. Johnson & Bryan, Inc. v. Republic-Franklin Ins. Co., No. 1:17-CV-02609-LMM, 2017 WL 6597930, at *5 (N.D. Ga. Nov. 20, 2017), aff'd sub nom. Johnson & Bryan, Inc. v. Utica Mut. Ins. Co., 741 F. App'x 722 (11th Cir. 2018) (citations omitted).

Because the Parker Defendants provide "no other reasonable explanation for the four-month delay at issue, the evidence establishes, as a matter of law, that [they] violated the provision of the policies requiring that legal papers arising out of a claim or suit be immediately forwarded to" Haulers. Advoc. Networks, LLC v. Hartford Fire Ins. Co., 296 Ga. App. 338, 340, 674 S.E.2d 617, 619 (2009). Therefore, the Parker Defendants "breached Condition - IV 2.b.(2) of the Policy, which negates an essential element of their claim for coverage."

The pending Motion for Summary Judgment (Doc. No. [42]) is due to be granted on all grounds. See Se. Exp. Sys., Inc., 224 Ga. App. at 702, 482 S.E.2d at 436 ("[F]ailure to provide timely and reasonable notice and to deliver the complaint and any amendments will act as a condition precedent to bar the insurer's liability under the policy."); OneBeacon Am. Ins. Co. v. Cath. Diocese of Savannah, 477 F. App'x 665, 670 (11th Cir. 2012) ("Under Georgia law, notice provisions expressly made conditions precedent to coverage are valid and must be complied with unless there is a showing of justification. If an insured unreasonably fails to comply with applicable notice provisions in a timely manner, the insurer is not obligated to provide either a defense or coverage.") (citations omitted); see also Johnson & Bryan, Inc., 741 F. App'x at 725.

## IV.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. No. [42]). More specifically, summary judgment is in favor of Plaintiff Haulers and against Defendants Jack Parker, Cherie Parker, Executive Auto Sales and Service, LLC on both the Complaint (Doc. No. [1]) and the Restated/Amended Counterclaim (Doc. No. [23]). The Court declares that Plaintiff Haulers has no duty to defend, cover, or indemnify Jack Parker,

Cherie Parker, Executive Auto Sales and Service, LLC in the Underlying Lawsuit, Case No. 1:20-cv-03210-SCJ, NDGa.

The Clerk is **DIRECTED** to defer entry of the Judgment as this case remains pending as to Defendants Dingy Dents, LLC and Wilburt Rivera.

**IT IS SO ORDERED** this 21st day of February, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**